Good morning. Your Honors, may it please the Court, my name is Aubrey McClure-Campbell and I am appearing on behalf of the petitioners. I would like to reserve two minutes for rebuttal. All right, please watch your clock. Yes, Your Honor. I would like to first address the issue of the motion to sever and the failure of the BIA to remand, and then I will address the claim of ineffective assistance of counsel. Can I ask you a question first? Has AE filed a motion to reopen based on her potential eligibility for SIJ? And if not, is there a barrier issue or hardship that would prevent AE from filing the motion to reopen? A motion to reopen hasn't been filed based on his eligibility for such status. I believe that the... Why is there a similar standard? And nothing has changed in regards to what was examined by the BIA. Well, there is a different standard. To remand, you have to show that there's an immediately available visa. And for to reopen, do you have to show that? For reopening, the problem is that nothing has changed in terms of... Well, something has changed since the SIJ ruled in this case. The state court granted dependency, and therefore your client was approved by USCIS for SIJ status. And so all you're doing now is waiting for an immediately available visa, right? Yes, that's correct. What's the date on that? He has a visa petition from June 2022, and they're currently issuing visas for January of 2022. So I guess I'm asking a question that I want to ask the lawyer for the government too, which is that if we just hold on to this case, your client... Well, I know your client can't get the visa if he's under an order of removal, correct? He can, but it makes the road so much harder. Well, I'm trying to figure out why we're all here, I guess is the question. And maybe I should hold that one for your friend from the government. But it seems to me that if we were here three months later and there wasn't an immediately available visa, I would be quite unhappy if the government said, well, tough luck, he can't reopen. And so maybe they can address that when they get up. Well, I guess I'm wondering why that's an advance... This minor is still a minor? He is actually an adult now. The case has proceeded so long that he's now an adult. Well, so is he even qualified for that then? Yes, Your Honor. Once the visa petition has been approved, however long it takes, which is a very long time, given the visa category limitations, that child remains a child under the law. All right, so he's an adult. And I was wondering how he became a dependent because it seems like his mother was taking care of him. That is true. But for special immigrant juvenile status, only an individual has to have been abandoned, neglected, or abused by one or both parents. And in this case, he was a judge to have been abused, abandoned, or neglected by his father. And so the mother is the one that has the full... So if he's a dependent of the court, generally when you're a dependent of the court, then the court sends you off to foster care or things along those lines. But the court sent him to his mother, so then does the mother get payment for taking care of this child as a dependent of the court? No, Your Honor. The state court process is a little bit different. He's not a dependent of the court. The mother was deemed to be a guardian. So under California law, individuals can be placed under the care of a guardian. And that is different. And even though it's the mother? Even though you're the mother, you're the guardian? Yes, even though it's the mother. That's right. Well, so what advantage to the mother if this child gets... Well, this adult now gets this visa? None, Your Honor. Once the child has been declared beneficiary of the special immigrant juvenile status, there's no benefit to the mother. Only that her son will have his residence. USCIS has already approved SIJ status, correct? Yes, yes. So I'm still struggling with... All you want to do is be able to get the visa when it's available, and it's difficult to get the visa if you're under an order of removal. The IJ said, I understand that. You can always come back and move to reopen when you get to that point in time. And what you're telling me is we're very close to that point in time. And so I'm trying to figure out why it is that we need to make a legal ruling here, and why it is that the two parties can't work out something. Because when we get to that point in time, if the visa is available and given to your client, you've succeeded on his behalf, right? That's right. And we have approached the government many times, including at the lower levels, to be able to come to a resolution, but we haven't. And so- And it's not in the record, so I'm trying to figure out if this case might be suitable for mediation. But I think we asked once and didn't depart. We asked once and the party said no. Yes, it has gone to mediation, but there wasn't an agreement to do anything other than wait for a decision from the government. But a motion, you still could get this with this pending, but you haven't filed a motion to reopen and it's been a year. We have not filed a motion to reopen. But you're saying it's harder, but it's not impossible. So I don't understand why you're rolling the dice on this. It's not impossible. And in the event that if this case, the petition isn't granted, we certainly have that option. But I think it's about a larger issue that at the immigration court level, the judge saw that the individual, much like in CJLG, had an apparent eligibility for this and instead waffled on whether or not to sever the cases, whether or not that this case should be given more time for him to proceed through the process. Well, I could see a judge saying you've delayed or you're at fault or this is taking too long, but that's not what this judge said. This judge said, fine, we'll just go ahead and you can move to reopen later. And I guess I'd feel pretty comfortable if you were showing up in front of the same immigration judge again, that he would reopen. So I'm just trying to figure out why we're fighting here. He didn't necessarily say that a motion to reopen could be granted. He didn't say it would be granted. He said you can always move for one later. He kind of didn't know what the procedure would be afterwards. I believe he was in the record asking the government what exactly could happen and he seemed to be unsure. So I think that that speaks to kind of a larger issue. The case law, the regulations really aim to protect individuals. Although this individual is not a child anymore, there are many children in a similar situation and leaving them with the removal order just because a judge won't give the individual more time, the child more time when he's apparently eligible for relief. I know you wanted to save some time, but I wanted to ask you, my understanding of the law is that cannot apply for adjustment of status while you're under a removal order. You said it's harder. I thought it was impossible. With a removal order, he can't get adjustment of status. I thought you said it's harder. It is harder. The process to get finally is harder. Impossible is harder. I understand. Yes. Okay. So thank you. Do you want to reserve the two minutes? Yes, I would. Okay. Thank you. Okay. Well, let's hear from the government counsel now. Ms. Groff. Good morning, your honors. May it please the court. Stephanie Groff for the acting attorney general. Your honors, I want to clarify a few things first before I get to my argument. First, my friend on the other side noted that the current visa eligibility, according to the State Department, is January 2022. I just want to point out that that is incorrect. The most recent State Department visa bulletin published for February 2025 noted for the EV4 category, the employment base, which special immigrant juvenile status is under, the current visa is February 1st, 2021. Importantly, petitioner's minor son here's a current visa date is June of 2022. There is no specific way to calculate and know when it's going to be eligible, but this is not something where we only have a few more months. It could be years. And that's why here the government has sought to ask this court to render a decision. I also want to clarify adjustment of status and how this works, because I will note it is a confusing process. However, adjustment of status is possible for the minor in this case. What happens is adjustment of status can be adjudicated either by USCIS or by an immigration judge, depending on who has jurisdiction. Notably, immigration judges do not have jurisdiction over adjustment of status for arriving non-citizens. And that's what we have here. The minor was an arriving non-citizen charged under 212A6. And because of that, USCIS actually has jurisdiction. What they were seeking below was to remand, reopen, or remand and reopen are treated similarly, but have the judge sever the so that there is no removal order and he could eventually apply for adjustment of status. However, even with the removal order, USCIS will be able to adjudicate his adjustment application, which will be filed when the visa is current. And that's found both in the statute, adjustment of status statute is, sorry, not statute, the regulation, 8 CFR 1245.2, which lists the of an immigration judge to adjudicate adjustment. And it's also can be found on USCIS's website. Now in terms of- So stop for a second. So what you're telling us is that if his visa becomes available, USCIS can adjust his status, not withstanding the removal order? Yes, Your Honor. But what then happens to the removal order? So that's why it is best and best practice for the petitioner to seek reopening and to terminate the proceedings to have the removal order, but USCIS has jurisdiction throughout this. But notably here, the board didn't abuse its discretion. And as my friend on the other side said, nothing has changed. The visa date isn't eligible. There's nothing to stop. Nothing has changed. And that's what concerns me. We have somebody who's eligible for SIJ status, who the USCIS has approved for that status, who's merely waiting for adjustment, whether or not he can get adjustment at a certain later point, I'll put aside, but he can be removed at any time. And that's what- And so he has an outstanding removal order. And what we've said in previous cases is in cases like this, in the absence of some other reason, you ought to continue the removal proceedings. And I think the motion to sever here is really a motion to continue. Don't let the mother's proceedings go on, but put mine aside for a moment. And so what we have is somebody who's eligible, been approved for this status, who's merely waiting for the visa, but he's under an extant removal order. And what the IJ said is, come back to me once you get the visa and I can deal with the removal order. And so what we have here is this sort of vicious circle. For all I know, tomorrow, the guys in the armored vehicle will pull up to his place and take him away to Mexico. And that's not what anybody intended in this process. So- And we acknowledge that, but notably, the minor has deferred action. So that is USCIS's in other ways, their prosecutorial discretion. When they granted his I-130, or I-360, they specifically said that you will have deferred action, meaning that no action will be taken and you will- Tell me where I can find that in the record. Yes, your honor. So specifically, they filed the I-797 on AR-14. That is that from USCIS saying you have been, you're approved, eligible, when your visa date, until it becomes current. And is current for four years. And I do believe he would be able to renew that. Now- So he has deferred, the term deferred action means you won't be removed? That's USCIS's former prosecutorial discretion. Now, I will note that there has been a change of administration. Yes, we all noticed. The government acknowledges that, but as of now, we have nothing and opposing counsel have pointed to nothing that this deferred action is being taken away, that anyone sees him as a priority. I will note he is 20 now. And even if he were to become over 21, he's still eligible for justice status. And the government does acknowledge that if he were removed, then he would no longer be eligible for special immigrant juvenile status. But what's important here is that his mother gets no form of relief from this. That's specifically in the statute. We all agree. I mean, I don't know if we all agree. I agree. We're only talking about AE at this point. We're not talking about whether his mother gets relief. But the government would ask that you adjudicate this petition because it doesn't change the fact that he has deferred action. He is still eligible. And hopefully, less than a year, hopefully a year or so, he would be eligible to apply for adjustment and move to reopen. And notably, while my friend on the other side did not get to her unexhausted ineffective assistance, a counsel claim, that's the more effective assistance to counsel or to reopen and terminate and sever. But that's we don't have that here. All we have is the one page in their brief before the board on AR 13, asking for remand to sever just based on the court, the state court's predicate order. You know, I'd feel a lot more comfortable if the government were representing to me that he won't be removed pending the adjudication of his adjustment of status. If that's the case, then it seems to me we probably aren't arguing about very much here. If you want to hold open that possibility, then it seems to me he's entitled to try to argue for some form of relief that might present prevent that. Well, Your Honor, I would point you to the Supreme Court's decision in Texas versus the United States, which was about the ISIS ability for prosecutorial discretion and noted that it's not up to the courts of appeals to get behind the question and and be concerned with this. Yes, no, I'm not worried about prosecutorial discretion is all yours. You're the person who exercises it. You're the government. I'm trying to figure out whether or not if I think he's made out a good case for relief here, whether or not we really need to act because we're really not affecting anything. And if I were if the parties got together and said, don't worry, we've stipulated he won't be removed pending the adjudication of his adjustment of status application, I would be feel inclined not to for the judiciary not to step in. If he does face removal in the meantime, then it seems to me I've got to determine whether the IJ abused his discretion in denying the motion to sever. So that's why I'm asking the question. I'm trying to get you to decide one way or the other. But it does seem to me your position is we have no interest in removing him. So that's why I keep wondering why we can't get the parties together here. Of course. And let me just clarify, there's no interest in removing him right now. However, he is an adult and there are certain bars for adjustment of status. This is all very speculative. It could be tomorrow that he commits a crime. He's no longer eligible. So promising that he will not be removed is not something that the government can do. I will just note that this case has been in mediation before before briefing. I believe that my friend on the other side has been in constant communication with the Department of Homeland Security to agree to reopen and remand and sever, although DHS has declined. And we were only recently approached about a few weeks ago about judicial administrative closure. But based on our reading of Sarkar, we believe that this case, this this court should go forward and rendering a decision because he will still be eligible at the moment for adjustment when his visa becomes eligible, despite if this court were to deny the for review, which we think is eligible, not miss Cordoba waived all challenges to the immigration judges and the board's denial of a request for asylum withholding and cat. It said she's only raised arguments that are unexhausted. And here we do not believe that the board did did not abuse its discretion. And importantly, Miss Cordoba never challenged the immigration judges denial of severing the case. While she noted before you that the immigration judge didn't know what was happening. It is clear that they were applying for CIGIS CG. If I may just briefly finish my sentence. CG LG does not is not applicable here. They had their rights. The immigration judge determined your visa is not current. I'm going to move forward. And the board did not abuse its discretion. Can I ask just one of the go ahead. I understand. And I think you're right in saying the mother, Miss Cordoba has waived various claims. But he had his own claim for severance, right? It was not as it was an emotion on the record. It stated the immigration judge stated, Do you want to sever? You're going to apply for this. I'm going to go forward with this. I'm not sure. Did you are you arguing that she waived his right to attack on before us the denial of the motion to sever? Yes, because she at no point in their brief to the board, did they challenge this denial of the severance? Rather, it was just a motion to remand asking to send it back because now something like that. But but you're not asking. You're not arguing. It's because she waived his rights. You're arguing that his brief to the board didn't raise this issue. Okay. Thank you. All right. Thank you. Thank you so much. Miss Campbell. Yes. After all this discussion of deferred action and the concerns of the court appears to have with deferred action and its ability to protect an individual, I would just to the definition of us on USGS his own website of what deferred action is. It's a temporary favorable exercise of prosecutorial discretion that gives some cases lower priority for immigration enforcement reaction action. So this isn't some stop completely to enforcement action. This doesn't prevent this individual, this, you know, from being removed, even if there's a your friend from the government just raised. The motion to sever by whoever it was brought by was denied by the immigration judge, correct? That is right. When you went to the BIA, did you argue that was error? We did not represent the at either at either level at the immigration court level or at the BIA. I understand your your clients. Yes. My yes. Your clients argue that the denial of the motion to sever was error or did they merely argue that the BIA should remand? They argued that the BIA should remand the case. And I believe that this excuse me. Okay. And the BIA said, I think quite accurately, we can't remand unless there's an immediately available visa because he's not eligible for the form of relief until then. So is the government right that you waived any attack on the motion to set on the denial of motion to sever? I don't agree that that's the case. I think that the subtext of this of the motion to remand the motion to remand section only references the minor respondent at the BIA. It doesn't reference the mother's case. This wasn't a request to remand the mother's case in that section. It was only in reference to the child. And so I would argue that the motion to remand is addressing that motion to sever. Okay. But we have to write those words into it because no one ever mentioned them. Yes. Unfortunately, that wasn't as delineated as I would have hoped it would be. But I do believe that that is the text, the subtext of that motion to remand. Thank you, Your Honors. Okay. Thank you, Counsel. Cordova v. McHenry is submitted.
judges: WARDLAW, CALLAHAN, HURWITZ